AO 245D (Rev. 12/03) Sheet 1 - Judgment in a Criminal Case for Revocations

# United States District Court
## District of Minnesota

UNITED STATES OF AMERICA
v.
**Joseph William Howard, Jr.**

**JUDGMENT IN A CRIMINAL CASE**
(For **Revocation** of Supervised Release)
Case Number: **Criminal 02-249 (1) PAM**
USM Number: **10562-041**
Social Security Number: **0514**
Date of Birth: **1964**

**Paul C. Engh**
Defendant's Attorney

**THE DEFENDANT: Joseph William Howard, Jr.**

[**x**] admitted guilt to violation of condition(s): **Condition A** of the term of supervision.
[] was found in violation of condition(s) after denial of guilt.
The defendant is adjudicated guilty of these violations:

| **Violation Number** | **Nature of Violation** | **Violation Ended** |
|---|---|---|
| Condition A | Charged with Assault in the Second Degree and Terroristic Threats | 4/14/2006 |

The defendant is sentenced as provided in pages 2 through 3 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[] The defendant has not violated condition(s) and is discharged as to such violation(s) condition.

It is ordered that the defendant **must** notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material change in economic circumstances.

**August 1, 2006**
Date of Imposition of Judgment

s/Paul A. Magnuson
Signature of Judge

**PAUL A. MAGNUSON**, United States District Judge
Name & Title of Judge

**August 1, 2006**
Date

DEFENDANT: JOSEPH WILLIAM HOWARD, JR.
CASE NUMBER: CRIMINAL 02-249(1)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **6 months**.

[**x**] The court makes the following recommendations to the Bureau of Prisons:
If anger management counseling is available during incarceration, the court recommends the defendant avail himself for such counseling.

[**x**] The defendant is remanded to the custody of the United States Marshal.

[] The defendant shall surrender to the United States Marshal for this district.
[] at on .
[] as notified by the United States Marshal.

[] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
[] before on .
[] as notified by the United States Marshal.
[] as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

________________________________________

________________________________________

________________________________________

Defendant delivered on____________________ to ____________________________

at ________________________ , with a certified copy of this judgment.

____________________________
United States Marshal

By ____________________________
Deputy United States Marshal

DEFENDANT: JOSEPH WILLIAM HOWARD, JR.
CASE NUMBER: CRIMINAL 02-249(1)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall resume supervised release term with **all terms**, **conditions** and **expiration date originally imposed with two additional conditions.**

**1)** CCC placement for up to 120 days;

**2)** Complete anger management counseling through Arrowhead Psychological if the defendant resides in Duluth, Minnesota. If anger management counseling is available while defendant is incarcerated, the court recommends the defendant avail himself for counseling at that time as well.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court.

If this Judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.